591 F.2d 1331
 85 Lab.Cas. P 10,969
 NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
Moran Towing & Transportation Co., Inc. et al., Plaintiffs-Appellees
v.
Local 333, United Marine Division, I.L.A., A.F.L.-C.I.O.,
Defendant-Appellant.
 No. 78-7215.
 United States Court of Appeals, Second Circuit.
 Nov. 14, 1978.
 
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 On consideration whereof, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.
 
 
 3
 On this appeal from a final order requiring arbitration of plaintiffs' claim for strike damages, the single question presented is whether plaintiffs claim for strike damages arising out of a work stoppage by Local 333 is encompassed within the terms of an arbitration submission stipulated by the parties in connection with this particular dispute. We affirm substantially on the opinion of Judge Steward dated March 30, 1978.
 
 
 4
 Arbitration clauses should be interpreted broadly. As the Supreme Court stated in United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 583 (1960):
 
 
 5
 "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."
 
 
 6
 Unless there is an express clause excluding the specific subject matter of the dispute from the arbitration clause, our Court has held that the parties intended to submit the dispute to arbitration. Monroe Sander Corp., v. Livingston, 377 F.2d 6, 9-10 (2 Cir.1967), cert. denied, 389 U.S. 831 (1967).
 
 
 7
 The clause contained in the stipulation between the parties here provided for arbitration of all disputes arising out of the crew's lay-off. There was no express exclusion of any damage claims that the company might assert, nor was there even a general exclusionary clause which could be interpreted as encompassing this particular grievance.
 
 
 8
 Moreover, from the circumstances, it cannot be asserted that the parties did not intend to provide for arbitration of this grievance. Moran clearly indicated in its complaint for a preliminary injunction that it had sustained damages. Had the Union wished to exclude such a claim from arbitration, it could have urged the insertion of a clause to that effect.
 
 
 9
 In view of the favor with which courts view arbitration clauses, and in view of the absence of an express exclusionary clause here, we hold that the district court was correct in directing the parties to arbitrate this claim.